Matilda Walker, Appellant, v. Chicago & Joliet Electric Railway Company, Appellee.

Gen. No. 5,043.

INSTRUCTIONS—*when, upon credibility of witnesses, erroneous.* An instruction is erroneous which authorizes the jury to disregard the entire testimony of a witness merely because they may think he has either belittled or exaggerated some material fact to which he has testified.

Action in case for personal injuries. Appeal from the Circuit Court of Will county; the Hon. ALBERT O. MARSHALL, Judge, presiding. Heard in this court at the April term, 1908. Reversed and remanded. Opinion filed August 10, 1908.

EDWARD CORLETT and GEORGE J. CLARE, for appellant.

E. MEERS, for appellee.

MR. JUSTICE WILLIS delivered the opinion of the court.

Appellee, the Chicago & Joliet Electric Railway Company, operates a street car line on Hickory street in the city of Joliet. This street crosses Division street near St. Joseph's hospital, and Moran street a few blocks farther north. On March 19, 1907, at about 8:30 P. M., appellant, Matilda Walker, with two children, four and six years of age, returning from St. Joseph's hospital, where one of her children was ill, boarded appellee's north-bound Hickory street car at Division street. It started before appellant was seated and she fell against some part of the car. That night she gave premature birth to a child, and the next morning was taken into a hospital. April 4, 1907, she brought this suit in the Circuit Court of Will county against appellee to recover damages for injuries claimed to have been sustained by reason of the accident, and filed a declaration containing three counts. Each count contained averments of due care on the

part of appellant. The first count also alleged that while appellant was passing from the platform to the inside of the car, appellee, by its servants, negligently caused it to be suddenly started and violently jerked without warning to appellant, and before appellant was able to obtain a seat, and thereby she was thrown upon the platform and against the vestibule. The second count averred the duty of appellee to give appellant an opportunity of safely seating herself, and to stop the car a reasonable time to enable her to do so, and to then start it carefully, and that this appellee failed to do. The third count charged that appellee, without warning to appellant, negligently caused the car to be violently jerked and otherwise negligently managed, by reason of which appellant was thrown and permanently injured. Appellee filed a plea of not guilty. There was a trial, resulting in a verdict of not guilty. Motions for a new trial and in arrest of judgment were overruled, judgment was entered in the verdict, and this appeal was taken.

Appellant and appellee's conductor were the only witnesses to what happened when appellant boarded the car. Appellant testified that she had not been on the platform more than one or two minutes when the car started with a jerk, and that she was thrown so that her back, hip, and side struck the back of the car; that the car jerked a second time just as she had stepped inside the door, and she was thrown against the frame of the door, striking her hip and back, bruising and discoloring them. The conductor testified that just as she was stepping inside, the car started, and she seemed to be unsteady and went against the side of the door, then fell back in his arms; that there was no jerk as the car started, and that appellant made no complaint that she was hurt. The motorman testified, after refreshing his memory from his time book, that at no time between eight and nine o'clock on the evening of the accident did the car he was operating start with a jerk. A Mrs. Ebner testified for appellee that

she was at appellant's house on the evening of the accident, that appellant was very sick and weak, and when asked the cause, told her that she carried her four-year-old boy upstairs at the hospital that evening; that about two weeks afterward she read in the paper that appellant had been hurt in a street car; that she went to see appellant at the hospital, and asked her why she had not told her before, and that appellant said she forgot to tell her that a car had dragged her up to Moran street. Appellant denied that she told Mrs. Ebner, on the evening of the accident, that she carried her boy upstairs at the hospital, but said that it was about three days before. Appellant after laying a proper foundation, sought to show that Mrs. Ebner had made the statement to the witness O'Leary that if appellant's case ever came to trial she would do all she could to beat her, but was not permitted to do so. Appellant excepted. It was error to refuse to admit this testimony. On cross-examination appellant testified that she had had four miscarriages before this, the last one being eight years before. The doctor called to attend appellant testified that she had a miscarriage on the night of the accident, and that he found no bruises, scratches or discolorations; that he treated her for the miscarriage up to May 1st. A doctor called by appellant, in answer to a hypothetical question, assuming as facts appellant's theory of the case, testified that the miscarriage was probably due to the injury.

The court by the sixth instruction, given at the request of appellant, directed the jury that if they believed any witness had wilfully and knowingly exaggerated any material facts or circumstances for the purpose of deceiving, misleading, or imposing upon the jury, either as to the nature or extent of the injury in question, then the jury had the right to reject the entire testimony of such witness, except in so far as it may be corroborated by other evidence or facts and circumstances in evidence in the case. This instruction did not state the law, which has never sanctioned such a

proposition as that a jury may disregard the entire testimony of a witness whom they think has either belittled or exaggerated some material fact to which he has testified. Chicago City Ry. v. Allen, 169 Ill. 287. The doctrine *falsus in uno falsus in omnibus* is only applied as a rule of law to a witness who has knowingly and wilfully sworn falsely to some fact material to the issue. C. & S. Co. v. Kline, 220 Ill. 334. If the jury concluded that appellant knowingly exaggerated the extent of her injury, however slightly, for the purpose of imposing on the jury, they were authorized by this instruction to disregard all her testimony, and the same would be true of any witness testifying in her behalf. The instruction was erroneous and harmful.

For the errors indicated, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*